IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40762
Summary Calendar
_____

XAVIER CANTU,

Plaintiff-Appellant,

versus

JOHN CORNYN, ATTORNEY GENERAL OF
THE STATE OF TEXAS; ET AL,

Defendants,

VANESSA MORALES-KNIGHT; OFFICE OF
THE ATTORNEY GENERAL, FOR THE STATE
OF TEXAS,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
(L-98-CV-124)
- - - - - - - - - -
January 30, 2002
Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Xavier Cantu appeals the district court's *sua sponte* grant of summary judgment dismissing his 42 U.S.C. § 1983 action without prejudice to his state law claims. Cantu argues that the district court erred in denying his request to order the Texas Office of the Attorney General to conduct an administrative review of a child support arrearage order entered

---
[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

against him.  Cantu asserts that this review is authorized under 42 U.S.C. §§ 651 and 666, as well as under § 231.101 of the Uniform Interstate Child Support Act adopted by Texas.

Cantu has not shown that these statutory provisions create a private cause of action to force the Attorney General's Office to conduct an administrative review of an arrearage order.  Neither has he provided evidence supporting his assertion that he requested such review and that it was denied.  See Blessing v. Freestone, 520 U.S. 329, 340-41 (1997).  Cantu appealed the arrearage order in state court, and he may not circumvent the state court's judgment here.

Cantu also asserts that Assistant Attorney General Vanessa Morales-Knight infringed his right of access to the courts by threatening him and intimidating him through the U.S. mail.  This allegation is not contained in Cantu's second amended complaint and he has not adequately argued or supported it on appeal.  See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1983).

AFFIRMED.